UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BERKLEY REGIONAL INSURANCE COMPANY, as assignee and subrogee of ATMOS ENERGY CORPORATION,**

    *Plaintiff*,

v.                                                                                    CIVIL ACTION NO. 4:23-cv-00181

**TEXAS INDUSTRIAL SCRAP IRON & METAL CO., INC., and GREEN METAL RECYCLING a/k/a H&H AFFORDABLE AUTO SALES, INC. d/b/a AFFORDABLE AUTO SALVAGE & RECYCLING CENTER**

    *Defendants*.

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Berkley Regional Insurance Company, as assignee and subrogee, of Atmos Energy Corporation ("Plaintiff" and/or "Berkley"), by and through the undersigned counsel, and with knowledge as to Plaintiff's own acts, upon information, belief, and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges Defendants Texas Industrial Scrap Iron & Metal Co., Inc. ("TISIM") and Green Metal Recycling a/k/a H&H Affordable Auto Sales, Inc. d/b/a Affordable Auto Salvage & Recycling Center ("GMR") (collectively referred to herein as "Defendants") as follows:

### I.   INTRODUCTION

1. Berkley's Complaint alleges violation of various state laws against Defendants TISIM and GMR resulting from several thefts of valuable brass and/or copper valves perpetuated against Plaintiff's insured, Atmos Energy Corporation ("Atmos"). The thefts were perpetuated at

Atmos's facility in Fort Worth, Texas, and resulted in a scheme involving the sale and purchase of the stolen items at various locations throughout the metroplex, including Defendants' businesses in Fort Worth.

2. Atmos has assigned its right to assert claims against any person or entity liable for losses incurred by Atmos as a result of the above-referenced scheme, in addition to the right to receive any and all payments or recoveries in connection with such losses incurred by Atmos as a result of the scheme. As such, Berkley, as assignee and subrogee of Atmos, files this action under the doctrine of equitable subrogation and pursuant to its contractual right to pursue claims to recover monies loss by Atmos as a result of the above-referenced scheme.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs, as set forth below.

4. Venue in the Northern District of Texas is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District, are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## III.   PARTIES

5. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

6. Plaintiff Berkley, as real party in interest, is a Delaware corporation, is an insurance company with its principal place of business in Urbandale, Iowa.

7. Defendant TISIM is a Texas corporation. TISIM's principal place of business is located and incorporated at 3800 North Commerce Street, Fort Worth, Texas 76106, where service may be affected upon TISIM's registered agent, August Stanislawski.

8. Defendant GMR appears to be the same business entity known as H&H Affordable Auto Sales, Inc. d/b/a Affordable Auto Salvage & Recycling Center, which is a Texas corporation. GMR's principal place of business is located at 7700 Jacksboro Hwy, Fort Worth, Texas 76135, where service may be affected upon GMR's registered agent, Chau Hoang.

### IV.   FACTUAL BACKGROUND

9. Plaintiff Berkley incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

### Berkley Has a Contractual Right of Assignment and Equitable Subrogation for Losses Suffered by Atmos

10. Atmos is a natural gas distribution company located in Dallas, Texas. At all relevant times, Atmos was insured under Berkley Commercial Crime Insurance Policy No. BCCR-45001516-23 (the "Policy"). Atmos has assigned its right to assert claims against any and all individuals and/or entities, including Defendants, to Berkley for losses it incurred as a result of the theft of its brass and/or copper valves, as discussed in detail *infra.* Also, under the Policy, Berkley has a right to equitable subrogation for the losses incurred and attributable to the unlawful activities described herein.

3

**Atmos's Business and Use of Brass and/or Copper Valves**

11. In connection with its business, Atmos manages company-owned natural gas pipeline and storage assets, including one of the largest intrastate natural gas pipeline systems in Texas. Gas distribution devices are installed onsite at customer locations, which are connected to underground gas pipelines.

12. The portion of the gas distribution devices where gas service lines come out of the ground is called a riser. At this riser, brass and/or copper valves (the "Valves") are used as fittings to connect the underground piping to the above ground piping and gas meter. In addition, Atmos is responsible for replacing these Valves at customer locations as they degrade or are damaged. Needless to say, these Valves are integral to Atmos's normal business functions.

13. Atmos has purchased these specialized Valves from the same vendor since at least 2001. The Valves come in various sizes and contain visible indications that the Valves are not merely scrap material, including but not limited to etchings, rubber Valve fittings, and other visible marks.

**Defendants Knowingly Purchased Valves Stolen from Atmos's Facility**

14. At all relevant times, Atmos employed an individual named Christopher Bryant ("Bryant"), who worked primarily at Atmos's warehouse in Fort Worth, Texas (the "Facility"), where a large quantity of the Valves is stored in a locked cage, which can only be accessed using an employee badge.

15. Upon information and belief, Bryant stole a significant number of Valves from Atmos's Facility and, with the assistance of his acquaintances and family members (the "Co-Conspirators"), sold several thousands of pounds of the stolen Valves to various entities

throughout the Dallas-Fort Worth metroplex, including Defendants TISIM and GMR, for significantly less than their actual worth (the "Scheme"). Bryant and other Co-Conspirators have been charged with criminal theft as a result of the Scheme.

16. Defendants are two metal recycling centers located in Fort Worth, Texas. Upon information and belief, Defendants customarily purchase brass and copper scrap materials. Upon further information and belief, Defendants routinely purchase copper and brass scrap material based on the material's weight. Upon further information and belief, Defendants intentionally combined and conspired with Bryant and other Co-Conspirators to perpetuate the Scheme over several years.

17. Under Texas law, metals recycling entities ("MREs"), such as Defendants TISIM and GMR, are required to collect certain identifying information from sellers of regulated materials to assist law enforcement with monitoring individuals who are buying and selling regulated materials. An intended purpose of this regulation is to prevent metals theft, such as the above-referenced Scheme. *See, e.g.,* Texas Department of Public Safety's Reporting Guidelines for MREs: https://www.dps.texas.gov/section/texas-metals-program/reporting-guidelines.

18. Atmos's Valves are obviously not scrap material. As indicated in the foregoing paragraphs, the Valves purchased by Defendants were like new and contained several visible indications that it had a particular purpose and use. In fact, the Valves were branded with the manufacturer's logo, and it is believed Atmos is the only utility company in the Dallas-Fort Worth Metroplex that uses Valves from this particular manufacturer. It was evident the Valves involved in the Scheme were new and used in connection with Atmos's business.

5

19. As such, Defendants had at least constructive notice that the Valves were stolen and not standard scrap or used materials typically associated with Defendants' businesses. Nevertheless, Defendants purchased thousands of pounds of the stolen Valves for significantly less than what they are worth in furtherance of the Scheme.

20. Moreover, Defendants' purchase of the stolen Valves was not an isolated incident. Defendants purchased several thousand pounds of the stolen Valves from the Co-Conspirators over multiple years to the economic detriment of Atmos and, in turn, Berkley as its assignee and subrogee.

21. However, despite several clear signs the Valves were stolen, in addition to Defendants' obligations as MREs, Defendants failed to exercise an ordinary duty of care to protect Plaintiff and Atmos from an unreasonable and foreseeable risk of harm.

22. Berkley, as assignee and subrogee of Atmos, suffered significant economic damage as a direct and proximate result of Defendants' unlawful actions and/or inactions and participation in the Scheme.

## V.   CAUSES OF ACTION

### Conversion
### (All Defendants)

23. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth in their entirety.

24. Atmos owned, possessed, and had the right to immediate possession of its property. This property included Valves which were stolen in connection with the aforementioned Scheme. This was the personal/business property owned by Atmos and was intended solely for the benefit and use of Atmos in connection with its business.

6081345.3

25. Defendants wrongfully exercised dominion or control over the property by purchasing the stolen Valves, despite at least constructive notice that the items were stolen. On information and belief, Defendants unlawfully obtained the stolen Valves through the above-referenced Scheme without paying Atmos for its receipt and enrichment of such Valves. Alternatively, Defendants converted Atmos's Valves because one who purchases goods from a thief does not acquire the right to those goods over the true owner.

26. As a result of Defendants' actions, Berkley, as assignee and subrogee of Atmos, has suffered economic damages in an amount to be proven at trial, but totaling not less than $600,000. Additionally, Defendants have been unjustly enriched through their retention and use of the Valves unlawfully misappropriated from Atmos, and Defendants should be required to disgorge that unjust enrichment to Plaintiff.

### Unjust Enrichment
### (All Defendants)

27. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth in their entirety.

28. Defendants received, profited and were unjustly enriched from the acquisition of Atmos's stolen Valves for which it has made no repayment to Atmos and obtained at a significantly lower price than its fair market value. Moreover, the benefits conferred to Defendants resulted from the Scheme involving numerous transactions involving the stolen Valves from the Co-Conspirators to Defendants' businesses.

29. Moreover, it is against equity and good conscience to permit Defendants to retain property unlawfully misappropriated from Atmos without repayment for such Valves and/or services for such property.

30. Berkley, as assignee and subrogee of Atmos, is entitled to recover from Defendants damages suffered by Atmos as a result of this unjust enrichment in an amount to be proven at trial, but totaling not less than $600,000. Furthermore, a constructive trust should be imposed on any and all funds which have been received by Defendants as a result of the unlawful Scheme, as described herein.

## Negligence
## (All Defendants)

31. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth in their entirety.

32. Defendants had a duty to exercise ordinary care to protect Plaintiff against an unreasonable and foreseeable risk of harm.

33. Defendants breached this duty by, among other things:

   a. Failing to implement and enforce reasonable policies and procedures to ensure compliance with Texas reporting requirements for metal recycling entities;

   b. Failing to notify and/or warn Atmos that it received stolen goods misappropriated from Plaintiff's business;

   c. Failing to notify and/or warn the applicable law enforcement agency of Defendants' receipt of stolen property;

   d. Failing to properly hire, train, and supervise employees responsible for purchasing regulated metals;

34. As described herein, Defendants were negligent in their participation and/or furtherance of the Scheme, and such negligence was the proximate cause of Atmos's injuries and damages. As such, Berkley, as assignee and subrogee of Atmos, is entitled to recover such damages resulting from Defendants negligence.

## Gross Negligence
## (All Defendants)

35. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth in their entirety.

36. Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct was a reckless or deliberate disregard of a legal duty owed to Atmos and others similarly situated. Defendants had actual subjective awareness of the risks involved with purchasing several thousand pounds of new and/or unused Valves over a period of several years but proceeded to engage in its conduct with conscious indifference to the rights and welfare of Plaintiff, and others similarly situated.

37. Accordingly, the acts and omissions by Defendants, as outlined above, constitute gross negligence, as defined in § 41.001(11) of the Texas Civil Practice & Remedies Code. Each of these acts and omissions by Defendants, whether taken singularly or in any combination, proximately caused damages to Berkley, as assignee and subrogee of Atmos, as set forth herein.

## Common Law Conspiracy
## (All Defendants)

38. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth in their entirety.

39. At all relevant times, Defendants and one or more of the Co-Conspirators acted in concert, agreed, associated, mutually undertook, or combined to accomplish, by concerted action, unlawful, illegal, and/or oppressive acts that caused damage to Atmos.

40. The unlawful, illegal, and/or oppressive acts include, but are not limited to, the purported Scheme in which several thousand pounds of Valves were stolen from Atmos's Facility and purchased by Defendants for a significantly lower price than its fair market value.

41. Defendants and Co-Conspirators intentionally combined to accomplish these unlawful purposes, or even if determined to be lawful purposes, accomplish them through illegal and unlawful means.

42. As a direct and proximate result of the conspiracy and agreement among one or more of the Co-Conspirators and the Defendants, Berkley, as assignee and subrogee of Atmos, sustained significant damages in an amount to be proven at trial, but totaling not less than $600,000.

43. As a result of the conspiracy, Berkley, as assignee and subrogee of Atmos, is entitled to recover from Atmos the damages suffered by Atmos in an amount to be proven at trial, but totaling not less than $600,000.

## VI.   TRIAL BY JURY

44. Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

## VII.   CONDITIONS PRECEDENT

45. All conductions precedent to Plaintiff's right of recovery under the causes of action asserted herein have been performed or have occurred.

## PRAYER

**WHEREFORE,** Plaintiff respectfully requests judgment be entered against Defendants for the following:

a) Judgment against Defendants for all damages to which Plaintiff is entitled under the laws of the State of Texas;

b) Pre-judgment interest, as provided by law;

c) Attorney's fees;

d) Exemplary damages in an amount to be determined by the trier of fact;

e) Post-judgment interest, as provided by law;

f) Costs of suit;

g) Such other relief to which Plaintiff may be justly entitled.


Dated: February 22, 2023.

Respectfully submitted,

*/s/ Jibril Greene*

**JIBRIL GREENE**
Texas Bar No. 24093774
jgreene@qslwm.com
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5465
(214) 871-2111 Fax
***Counsel for Plaintiff Berkley Regional Insurance Company***

11